IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | *   CR 119-117 |
| | * |
| JAMES RICHARD MILTON | * |

## O R D E R

Defendant James Richard Milton has filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The Government opposes the motion. More specifically, Defendant contends that his medical conditions (varicose veins, hernia and high blood pressure) have "gotten worse" since his imprisonment and the Bureau of Prisons ("BOP") is providing only "minimal" care. (Doc. 114, at 2.) Upon due consideration of the parties' submissions, particularly Defendant's inmate medical records, the Court denies Defendant's request for relief.

The compassionate release provision imposes three conditions on granting a sentence reduction: the existence of extraordinary and compelling circumstances, adherence to Policy Statement in U.S.S.G. § 1B1.13 (including a finding that the defendant is not a danger to the community), and support in the sentencing factors of 18 U.S.C. § 3553(a). United States v. Tinker, 14 F.4th 1234, 1237-38 (11th Cir. 2021). Absence of even one of these requirements

would foreclose a sentence reduction. Id.; United States v. Giron, 15 F.4th 1343, 1348 (11th Cir. 2021) ("[C]ompassionate release is permissible only if all three findings are made."). Notably, it is the movant's burden to show that his circumstances warrant a sentence reduction under § 3582(c)(1)(A). See United States v. Granda, 852 F. App'x 442, 446 (11th Cir. 2021).

In this case, Defendant contends that his medical condition qualifies him for relief. For purposes of compassionate release, Policy Statement § 1B1.13 indicates that a medical condition is considered serious only if it "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and [is one] from which he or she is not expected to recover." U.S.S.G. § 1B1.13, n.1(A)(ii), cited in Giron, 15 F.4th at 1346. Defendant has not made any showing that he satisfies these criteria. In fact, his maladies are fairly common among not only inmates but the population in general. Defendant's inmate medical records show that his hypertension is well controlled with medication; the complications associated with his varicose veins have been in remission since March 2023; and he currently has no physical or work restrictions. (See Gov't Resp. in Opp'n, Doc. 116, at 7 (citing Medical Records at Ex. A.) In short, Defendant has failed to show that his medical condition constitutes an extraordinary and compelling reason to warrant early release.

Even assuming Defendant's medical condition was sufficiently serious to warrant consideration of release, the relevant sentencing factors of § 3553(a) do not weigh in his favor. The nature of Defendant's drug-dealing offense and the need to protect the public weigh against reducing his sentence. And while Defendant may have changed his "thinking patterns and behavior" while in prison (Doc. 114, at 2), the Court cannot overlook his behavior on pretrial release, having been arrested for money laundering and for first-degree strangulation. Defendant has over two years remaining on his sentence, which was the result of a favorable Rule 11(c)(1)(C) plea agreement 43 months below the advisory guideline range. Early release at this time would fail to reflect the seriousness of his offense, promote respect for the law, provide just punishment, and afford adequate deterrence. Consequently, the Court will not exercise its discretion to release Defendant under the compassionate release provision.

Upon the foregoing, Defendant Milton's motion for compassionate release (Doc. 114) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 8th day of June, 2023.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA